# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-07387-RGK-RAO | Date | November 14, 2018 |
|---|---|---|---|
| Title | *Elery Navas v. ABM Industry Groups, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Remanding Action to State Court

On July 6, 2018, Elery Navas ("Plaintiff") filed a complaint in Los Angeles Superior Court against ABM Industry Groups, LLC ("Defendant"). Plaintiff alleges violations of California's Fair Employment and Housing Act (Cal. Gov't Code § 12940) arising from his employment with Defendant.

On August 23, 2018, Defendant removed the action to this Court based on diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount-in-controversy that exceeds $75,000. After a plaintiff files a complaint in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount-in-controversy has been met, the removing defendant must supply this jurisdictional fact in the notice of removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks damages for lost wages and emotional distress, punitive damages, and attorneys' fees. In support of removal, Defendant calculates that based on Plaintiff's earnings over his last twelve months of employment, his back pay is $68,922.90. This amount reflects approximately $425.45 of weekly earnings over the 162 weeks between July 13, 2016, the date of Plaintiff's termination, and the time of trial. Defendant asserts that Plaintiff's back pay plus the other requested damages exceeds the jurisdictional minimum.

However, the Court finds that Defendant fails to prove that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence. Defendant merely speculates about Plaintiff's lost wages based on the anticipated date of trial, which can easily change, and without taking into account any potential mitigation of damages. Defendant fails to offer supporting evidence regarding emotional

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07387-RGK-RAO | Date | November 14, 2018 |
|---|---|---|---|
| Title | *Elery Navas v. ABM Industry Groups, LLC et al.* | | |

distress damages. Since the amount of attorneys' fees and punitive damages are also speculative, Defendants do not meet the minimum amount-in-controversy requirement.

District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount-in-controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative to include in the amount-in-controversy.

As to punitive damages, Defendant asserts that punitive damage awards in discrimination cases commonly exceed $75,000. However, Defendant has offered no evidence to support such an award.

Accordingly, the Court finds that Defendant has not satisfied its burden of showing by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.


**IT IS SO ORDERED.**


_____ : _____

Initials of Preparer